## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| DEEPAK KADEMANI, | Civil No. 09-219 (JRT/FLN) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE ON MOTIONS FOR PROTECTIVE ORDER** |
| v. | |
| MAYO CLINIC, | |
| Defendant. | |

James H. Kaster, Adrianna Shannon, Matthew H. Morgan, and Sarah W. Steenhoek, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

David P. Bunde, Norah E. Olson Bluvshtein, Andrew F. Johnson, David Gray Waytz, and S. Jamal Faleel, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402; and Joanne L. Martin, **MAYO CLINIC**, 200 First Street Southwest, Rochester, MN 55905, for defendant.

This is a breach of contract action that is has been bifurcated at the parties' request. Defendant Mayo Clinic ("Mayo") appeals United States Magistrate Judge Franklin L. Noel's decision to enter a protective order that prohibits Mayo from "tak[ing] discovery on . . . whether Plaintiff's lack of candor during the application process caused him to lose his job at Harvard / Massachusetts General Hospital (or would have caused him to lose it in the future)." (Order, Sept. 27, 2012, Docket No. 394.) The Court will

affirm the Magistrate Judge's order because it finds that Mayo has had ample opportunity to obtain the discovery.[1]

**BACKGROUND**

Plaintiff, Dr. Deepak Kademani, worked for Mayo as a surgeon but was placed on administrative leave during a peer review of his practice in 2007. (Kademani Trial Tr. 287, 348, June 26, 2012, Docket No. 339.) The peer review concluded without adverse conclusions or discipline and Kademani and Mayo entered into a Confidential Separation Agreement where Kademani agreed to resign and both parties agreed to not "disclose any information concerning the disputes that arose between the parties." (Fourth Aff. of Adrianna H. Shannon, Ex. 4 & Ex. 5 at 1, 3, Oct. 23, 2012, Docket No. 436.)

Kademani subsequently received an offer of employment from Massachusetts General Hospital ("MGH"). (Kaban Trial Tr. 804:11-19, Sept. 17, 2012, Docket No. 378.) Before Kademani's appointment became finalized, a surgeon and professor from Mayo informed MGH's Chief of Surgery that "I think you should do your homework" with regard to Kademani. (Fourth Shannon Aff., Ex. 9 (Dep. of Dr. Michael Sarr ("Sarr Dep.") 19:10-17).) Shortly thereafter, Dr. Leonard Kaban, who was in charge of hiring at MGH, informed Kademani that Kademani might not successfully complete

---

[1] In issuing the protective order, the Magistrate Judge seemed to decide not only the allowable scope of discovery, but also the allowable scope of the damages phase of the trial. The Court affirms the protective order on the narrower ground that additional discovery is unwarranted. The Court is skeptical that Kademani's purported lack of candor will be a relevant issue in the damages phase of the trial, in light of how central a role it played in the liability phase, but the Court nonetheless reserves for later determination whether Mayo will be allowed to raise Kademani's purported lack of candor as an issue at the damages phase of the trial.

the credentialing process and Kademani decided to withdraw his application. (Kaban Trial Tr. 838:10-25.)

Mayo argued extensively during the liability phase of trail that Kademani had failed to disclose information about his dispute with Mayo during the application process and that he lost his opportunity at MGH due to his lack of candor, not due to Mayo's breach of the Confidential Separation Agreement. (*See, e.g.*, Fourth Shannon Aff., Ex. 13, Bunde Opening Argument at 159-61.) The centerpiece of Mayo's defense was the deposition testimony of Dr. Kaban. Dr. Kaban's testified that he believed Kademani had answered questions in his application incorrectly, but that Kademani disclosed the details during a phone call that occurred before Mayo's breach of the Confidential Separation Agreement. (*See* Kaban Trial Tr. 817:8-20, 841-42.) At the conclusion of the liability phase, the jury found that Mayo breached the Confidential Separation Agreement during the surgeon's phone call with MGH and that Mayo's breach directly caused damage to Kademani. (*See* Special Verdict Form, June 5, 2012, Docket No. 331.)

## ANALYSIS

### I. STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it

is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).[2]

## II.   DISCUSSION

Although Kademani moved for a "protective order," which would suggest that Rule 26(c) is the applicable rule, (*see* Pl.'s Mot. for Protective Order, Sept. 13, 2012, Docket No. 362), Kademani actually sought to limit Mayo's discovery in accordance with Rule 26(b), which governs the scope and limits of discovery.  (*See* Mem. in Supp. of Pl.'s Mot. at 2, Sept. 13, 2012, Docket No. 363.)  Pursuant to Rule 26(b)(2)(C), the Court is required to limit discovery if "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit."  *See* Fed. R. Civ. P. 26(b)(2)(C).  Whether discovery runs afoul of any of these principles is a discretionary decision for the district court.  *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1060 (8th Cir. 2005).  The Court finds that additional discovery on the topic of the potential consequences of Kademani's lack of candor during his application process is unwarranted because Mayo had ample opportunity to obtain the information prior to the first phase of the trial.

---

[2] Mayo urged the Court to apply de novo review because of the impact the Magistrate Judge's Order would have had on its defenses during the damages phase of the trial.  Because the Court affirms on narrower grounds than the Order below, the concerns underlying Mayo's request for de novo review are not applicable.

As explained above, a crucial dispute at the liability phase was whether Kademani inappropriately withheld information about his experiences at Mayo during the application process at MGH and whether his purported lack of candor was the reason he lost his opportunity at MGH.  When Mayo engaged in discovery prior to the liability phase trial, Mayo knew that it would focus on this dispute.  Mayo's depositions of Kademani and Dr. Kaban prior to the liability phase explored the issue in detail.  Mayo had a full and fair opportunity to explore whether Kademani inappropriately failed to disclose information during the application process, and, if so, what consequences might have followed from his lack of candor.

Because Rule 26(b)(2)(C)(ii) requires the Court to limit discovery when a party has had ample opportunity to obtain the information it seeks, the Court finds that allowing further discovery on the topic at issue is unwarranted.  Therefore, the Court affirms the Magistrate Judge's protective order.[3]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Mayo's objections [Docket No. 406] and **AFFIRMS** the Magistrate Judge's Order [Docket No. 394] dated September 27, 2012.

DATED:  November 19, 2012　　　　　　　　＿＿s/ John R. Tunheim＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] The Court previously issued on order allowing Mayo to take testimony that would violate the protective order at a second deposition of Dr. Kaban because the Court did not have an opportunity to review the protective order before the parties took Dr. Kaban's deposition. (*See* Order, Oct. 17, 2012, Docket No. 421.)  Because the Court has now affirmed the protective order, it will prohibit the introduction of evidence taken in violation of the protective order.