# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DEEPAK KADEMANI,<br><br>Plaintiff,<br><br>v.<br><br>MAYO CLINIC,<br><br>Defendant. | Civil No. 09-219 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE ON MOTIONS TO COMPEL** |

James H. Kaster, Adrianna Shannon, Matthew H. Morgan, and Sarah W. Steenhoek, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

David P. Bunde, Norah E. Olson Bluvshtein, Andrew F. Johnson, David Gray Waytz, and S. Jamal Faleel, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402; and Joanne L. Martin, **MAYO CLINIC**, 200 First Street Southwest, Rochester, MN 55905, for defendant.

This is a breach of contract action that is being tried as a bifurcated trial at the parties' request. In the liability phase of the trial, the jury found that defendant Mayo Clinic ("Mayo") breached a Confidential Separation Agreement it had entered into with plaintiff Dr. Deepak Kademani. The Agreement provided that if "either party breaches any of its obligations hereunder, then the prevailing party . . . shall be entitled to recover . . . his . . . reasonable attorney's fees . . . ." (Fourth Aff. of Adrianna H. Shannon, Ex. 5 at 6, Oct. 23, 2012, Docket No. 436.) Thus, an issue at the damages phase of the trial will be the amount of attorneys' fees Kademani is entitled to recover.

Kademani sought information regarding Mayo's attorneys' fees and Mayo opposed the discovery requests on relevance grounds. (*See* Def.'s Memo. in Resp., Oct. 3, 2012, Docket No. 397.) Kademani moved the Court to compel Mayo to produce the requested information (Pl.'s Mot. to Compel, Sept. 26, 2012, Docket No. 389), and United States Magistrate Judge Franklin L. Noel granted Kademani's motion "[t]o the extent [Kademani] seeks to compel production of [Mayo]'s original billing records in this case (including those of in-house counsel)." (Order, Oct. 18, 2012, Docket No. 422.) The matter is currently before the Court on Mayo's objections to the Magistrate Judge's order. Because Mayo's billing records are potentially relevant to the reasonableness of Kademani's fees, and because the reasonableness of Kademani's fees will be an issue at the damages phase of the trial, the Court will affirm the Magistrate Judge's order because it was not clearly erroneous or contrary to law.

## ANALYSIS

**I.  STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

## II. DISCOVERABILITY OF MAYO'S BILLING RECORDS

The Federal Rules of Civil Procedure allow for discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rules governing discovery are to be interpreted broadly and liberally. *See Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). Information is generally discoverable "unless it is clear that the information sought has no bearing upon the subject matter of the action." *See Sinco, Inc. v. B & O Mfg., Inc.*, Civ. No. 03-5277, 2005 WL 1432202, at *1 (D. Minn. May 23, 2005). The Court is, however, required to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

A wide range of factors bear on the reasonableness of a prevailing party's fees. *See Zoll v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 n.11 (8th Cir. 1978). Many courts have held that a non-prevailing party's attorneys' fees are relevant to the reasonableness of a prevailing party's attorneys' fees.[1] The Court recognizes that an opposing party's fees and hours are far from dispositive of the reasonableness of a prevailing party's fees and hours.[2] Nonetheless, Mayo's billing records in the present

---

[1] *See, e.g.*, *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1220 (8th Cir. 1981) (affirming an award of attorneys' fees in part because the opposing party's attorneys' fees were substantially higher than the fees awarded to the prevailing party); *Mitroff v. Xomox Corp.*, 631 F. Supp. 25, 28 (S.D. Ohio 1985) ("Pertinent to any consideration of a reasonable amount of time expended in the prosecution of a law suit is the amount of time expended by the defendant in defending that law suit.").

[2] *See, e.g.*, *Samuel v. Univ. of Pittsburgh*, 80 F.R.D. 293, 294 (W.D. Pa. 1978) ("[T]he number of hours required by opposing counsel to defend a claim has little relevance to the

(Footnote continued on next page.)

case may have some bearing on the reasonableness of Kademani's fees and hours because, among other reasons, the two sides worked on identical factual and legal issues and the attorneys work in the same legal market.

Mayo contends that an opponent's billing records are discoverable only if the opponent challenges the reasonableness of the prevailing party's hourly rates or number of hours worked, and the Court acknowledges that some courts have recognized this rule with varying degrees of strictness.[3] In the present case, Mayo assures the Court that it will not challenge the reasonableness of the hourly rate or number of hours submitted by Kademani's counsel, so long as those hours are sufficiently related to the breach of contract claim on which Kademani prevailed. (*See* Def.'s Objections at 1-3, Nov. 1, 2012, Docket No. 444.) However, the Court is not persuaded that Mayo's self-imposed limitation renders its billing records undiscoverable.

_____
(Footnote continued.)

reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case. It has been this writer's experience that the number of pre-trial hours which are required to represent a defendant in a civil case greatly exceed the pre-trial time required to represent a plaintiff.").

[3] *See, e.g.*, *Mendez v. Radec Corp.*, 818 F. Supp. 2d 667, 668-69 (W.D.N.Y. 2011) ("Where the opposing party challenges the reasonableness of the rate or hours charged by the moving party's counsel, courts are more likely to find that evidence of the nonmoving party's counsel's fees are relevant and discoverable."); *New York v. Microsoft, Corp.*, Civ. Action No. 98-1233, 2003 WL 25152639, at *2 (D.D.C. May 12, 2003) ("Given that [defendant] does not challenge the reasonableness of [plaintiff's] representations of hours expended or the appropriate hourly rate, the Court fails to see how the request for an accounting of [defendant]'s attorneys' hours spent and tasks performed during the litigation 'is relevant to the claim or defense of any party.'" (quoting Fed. R. Civ. P. 26(b)(1))).

The burden of proof remains on Kademani to establish that his requested fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Mayo does not suggest that its concessions will bind the finder of fact or establish, as a matter of law, that Kademani's hourly rate or number of hours are reasonable. Thus, as far as the Court can tell at this juncture, although Mayo will not contest the reasonableness of the hourly rates or number of hours sufficiently related to the claim on which Kademani prevailed, the jury will still be asked to determine the reasonableness of Kademani's requested fees.[4] And for the reasons explained above, an opposing party's billing records for a case may have some bearing on the reasonableness of a prevailing party's billing records for the same case. If the reasonableness of the prevailing party's fees is at issue, as appears to be the case here, the opposing party's billing records are potentially relevant whether or not the opposing party objects to the reasonableness of the prevailing party's fees. Therefore,

---

[4] Submitting attorneys' fees issues to a jury is unfamiliar territory that was made possible by the Minnesota Supreme Court's recent decision in *United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., LLC*, 813 N.W.2d 49 (Minn. 2012), which held that a party has a right to a jury trial for contractual claims to recover attorneys' fees.

The Court notes that the ground on which Mayo will challenge Kademani's requested fees (i.e., whether the requested hours are sufficiently related to the claim on which Kademani prevailed) is closely tied to the overall question of whether Kademani's requested fees are reasonable. *See Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997) ("The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole."). The Court will seek input from the parties on whether the Court should determine the number of hours that are sufficiently related to the claim on which Kademani prevailed as a matter of law, or if that specific question will be for the jury to resolve.

the Court concludes that the Magistrate Judge's order compelling Mayo to produce its billing records for the present case was not clearly erroneous or contrary to law.[5]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Mayo's objections [Docket No. 444] and **AFFIRMS** the Magistrate Judge's Order [Docket No. 422] dated October 18, 2012.

DATED: December 3, 2012  
at Minneapolis, Minnesota.

          s/ John R. Tunheim  
          JOHN R. TUNHEIM  
          United States District Judge

---

[5] The Court has considered Mayo's argument that the burden of producing the billing records outweighs their likely benefit. In light of the deference owed to the Magistrate Judge's nondispositive order, the liberal scope of allowable discovery, and the fact that the Magistrate Judge tailored its order to only compel production of records relating to the present case, the Court will not conclude that the Magistrate Judge's order was clearly erroneous or contrary to law on this basis. This order does not resolve the admissibility of Mayo's billing records at trial, it merely resolves their discoverability. The Court may still bar the evidence if it runs afoul of Rule 403 of the Federal Rules of Evidence.